UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSIA BROWN,

    Plaintiff,

v.   Case No: 8:13-cv-2764-T-36EAJ

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Elizabeth A. Jenkins (Doc. 23). In the Report and Recommendation, Magistrate Judge Jenkins recommends that the decision of the Social Security Commissioner ("Commissioner") be affirmed and the case dismissed. Plaintiff filed an Objection to the Report and Recommendation (Doc. 24), to which Defendant has not responded, and the time to do so has expired. This matter is therefore ripe for review.

**I.   BACKGROUND**

This dispute arises from the Commissioner's decision to deny Plaintiff's claim for Supplemental Security Income ("SSI") on behalf of her minor child, M.B. ("Claimant"), who Plaintiff alleges is disabled due to her medical condition of attention deficit hyperactivity disorder ("ADHD").

    **A.   Overview of the Social Security Administration's Process for Evaluating Disability Claims**

The Social Security Administration applies a three-step evaluation process to determine whether a child is disabled. *See* 20 C.F.R. § 416.924(a) to (d). First, the examiner must determine

whether the claimant is engaged in substantial gainful activity. *See* 20 C.F.R. § 416.924(b). If the examiner so finds, then the claimant is considered not disabled. *See id.* Second, the examiner must determine if the claimant has a medically determinable impairment that is "severe." *See* 20 C.F.R. § 416.924(c). If the examiner finds that the claimant does not have a severe medically determinable impairment, then the claimant is considered not disabled. *See id.* Finally, the examiner must determine whether the impairment meets, medically equals, or functionally equals the severity of a listing. *See* 20 C.F.R. § 416.924(d). In making this determination, the examiner must consider the combined effect of all medically determinable impairments, even those that are not severe. *See* 20 C.F.R. §§ 416.923, 416.924a(b)(4), 416.926a(a) & (c). A claimant must have an impairment that meets or equals the severity of the listings to be deemed "disabled" for purposes of Social Security benefits.

To determine whether a child's impairment or combination of impairments functionally equals a listing, the examiner evaluates the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). The child's functioning in these domains is compared to that of other children his or her age who do not have impairments. *See id.* If the child has marked limitations[1] in two domains or an extreme limitation[2] in one domain, the child's impairment functionally equals the listings. *See* 30 C.F.R. § 416.926a(a), (d).

---

[1] A marked limitation is one that "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities. . . . [It] is 'more than moderate' but 'less than extreme.' It is the equivalent of the functioning [one] would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." 20 C.F.R. § 416.926a(e)(2).

[2] An extreme limitation is one that "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3). It is the

B.     **The History of this Case**

Plaintiff applied for SSI in July 2010, claiming that her then-seven-year old daughter was disabled beginning August 2008 due to her medical condition of ADHD. Doc. 14 ("Tr.") at 30. The claim was denied initially and again upon reconsideration. *Id.* Plaintiff subsequently filed a written request for hearing, and a hearing was held. *Id.* Following the hearing, the Administrative Law Judge ("ALJ") once again denied Plaintiff's application. *Id.* at 30-41. In so doing, the ALJ found that, although Claimant had not engaged in substantial gainful activity since the date of the application and that she had the severe impairment of ADHD, she did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 33.

The ALJ first found that there was no medical evidence that Claimant's condition met or medically equaled any listed impairment. *See id.* (stating that the available medical evidence failed to demonstrate the specified criteria required by Listing 112.11, ADHD). The ALJ then found that the Claimant's condition also did not functionally equal the severity of a listing. *See id.* Specifically, the ALJ found that, after considering all of the relevant evidence in the case record, Claimant had a less than marked limitation in two of the six domains, and no limitation in the other four domains, as follows:

---

rating given to the worst limitations, and is the equivalent of the functioning that one would expect to find on standardized testing with scores that are at least three standard deviations below the mean. *See id.*

3

| Acquiring and using information | Less than marked limitation (Tr. at 36) |
|---|---|
| Attending and completing tasks | Less than marked limitation (*Id.* at 37) |
| Interacting and relating with others | No limitation (*Id.* at 38) |
| Moving about and manipulating objects | No limitation (*Id.* at 39) |
| Caring for yourself | No limitation (*Id.* at 40) |
| Health and physical well-being | No limitation (*Id.* at 40) |

The ALJ thus concluded that Claimant was not disabled. Tr. at 40. The Appeals Council thereafter denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *Id.* at 1.

Plaintiff appealed the decision to this Court, and the Magistrate Judge recommended that the Commissioner's decision be affirmed and the case dismissed. In so doing, the Magistrate Judge rejected Plaintiff's contentions that the ALJ had: (1) failed to properly review the medical evidence; (2) improperly discredited Claimant's subjective complaints; (3) failed to adequately consider whether Claimant's ADHD met or medically equaled a listed impairment; and (4) failed to adequately consider whether Claimant's ADHD functionally equaled a listed impairment. Plaintiff now objects to the Report and Recommendation, raising these same arguments.

## II.     STANDARD OF REVIEW

### A.     Review of a Report and Recommendation

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th

4

Cir. 1990). With regard to those portions of the Report and Recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. Fed. R. Civ. P. 72. The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

      **B.**     **Review of the Commissioner's Decision**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based on proper legal standards. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. (quotation marks and citation omitted). If the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the Court finds that the proof preponderates against it. *See* 42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). In other words, the reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Phillips*, 357 F.3d at 1240 n.8 (quotation marks, citation, and alteration omitted).

**III.**     **DISCUSSION**

      **A.**     **The ALJ's Consideration of Medical Evidence**

           *1.*     *Weight Accorded to Medical Opinions*

Plaintiff first argues that the Commissioner improperly failed to consider the medical opinions of Heather Oswald, Licensed Mental Health Counselor ("LMHC"), Margot Hampson, Advanced Registered Nurse Practitioner ("ARNP"), and Carmon Bland, LMHC, each of whom evaluated Claimant as follows: Oswald evaluated Claimant on June 8, 2010, and opined, *inter alia*, that Claimant had ADHD and had difficulty concentrating, focusing, and staying on task. Tr.

at 290-91. Oswald rated Claimant with a global assessment functioning ("GAF")[3] score of 50, and recommended that she undergo psychiatric evaluation and therapy. Tr. at 291, 297. Hampson evaluated Claimant on June 23, 2010, and observed that although Claimant needed frequent redirection during the interview, she was able to follow complex directions upon being redirected. Tr. 301-03. Hampson diagnosed Claimant with ADHD, rated her with a GAF score of 60, and recommended that she undergo an EKG and consider medication pending the results of the EKG testing. Tr. at 303. Bland evaluated Claimant on July 9, 2010, and observed that Claimant was hyperactive and had limited concentration. Tr. at 298-300. Bland diagnosed Claimant with ADHD, rated her with a GAF score of 45, and recommended that she undergo weekly therapy sessions and attend monthly medication management appointments. Tr. at 298, 300.

Plaintiff specifically takes issue with the fact that the ALJ did not state with particularity the weight he accorded to each of these medical opinions and the reasons therefor, *see Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987), and argues that remand is therefore warranted for proper consideration of these opinions. Plaintiff's position, however, is without merit, because the ALJ was not *required* to give any of these opinions any weight—Oswald, Hampson, and Bland are not acceptable medical sources for establishing impairment. *See* 20 C.F.R. § 416.913(a) (LMHCs and ARNPs are not listed as acceptable medical sources). Rather, they are at most "other sources" that an ALJ *may*, but is not required to, consider in determining whether a claimant is disabled. *See* 20 C.F.R. § 416.913(d) (listing nurse practitioners and counselors as other sources that "may also" be used in addition to evidence from acceptable medical sources).

---

[3] The GAF scale describes an individual's overall psychological, social, and occupational functioning as a result of mental illness. *See Mathis v. Astrue*, Case No. 06-cv-816, 2008 WL 876955, at *7 n.4 (M.D. Fla. Mar. 27, 2008).

Plaintiff nevertheless argues that Oswald, Hampson, and Bland are, in fact, acceptable medical sources because they evaluated Claimant upon referral from her school, *see, eg.*, Tr. at 296, and thus qualify as "other licensed or certified individuals . . . who perform the same function as a school psychologist in a school setting," 20 C.F.R. § 416.913(a)(2).  This argument is unpersuasive for two reasons.  First, Plaintiff offers no evidence that Oswald, Hampson, or Bland actually "perform the same function as a school psychologist in a school setting."  Indeed, it does not logically follow that simply because Claimant was referred by her school for treatment, the providers of that treatment "perform the same function as a school psychologist in a school setting."  Second, the regulation makes clear that such individuals are considered acceptable medical sources "for purposes of establishing intellectual disability, learning disabilities, and borderline intellectual functioning *only*."  *Id.* (emphasis added).

Plaintiff next argues that the ALJ impermissibly gave "significant weight" to the opinions of non-examining State Agency physicians Lee Reback, Psy.D., P.A., and Cristina Grand, Psy.D., both of whom found that Claimant had a less than marked limitation in the functional domains of acquiring and using information and attending and completing tasks, and no limitation in the functional domains of interacting and relating with others, moving about and manipulating objects, and caring for yourself.  Tr. at 35, 310-21.

The Court recognizes that the opinions of a non-treating physician are generally to be given less weight than those of an examining physician, and, standing alone, do not constitute substantial evidence.  *See Poellnitz v. Astrue*, 349 Fed. App'x 500, 502 (11th Cir. 2009).  However, an ALJ may nevertheless give great weight to the opinion of a consulting physician when it is consistent with the record as a whole.  *See id.*  Here, the ALJ stated that he placed significant weight upon Reback and Grand's opinions because they are supported by Claimant's school and medical

records. Tr. at 35. Plaintiff offers no evidence, aside from the arguably conflicting opinions of Oswald, Hampson, and Bland, as to why this is not so, and after a review of the record, the Court agrees with the ALJ that Reback and Grand's opinions are consistent with Claimant's school and medical records, *see* Section III.B, *infra*. Accordingly, the ALJ was entitled to place significant weight upon Reback and Grand's opinions, and the fact that he did so is not grounds for remand.

    2.    *GAF Scores*

Relying on *McCloud v. Barnhart*, 166 Fed. App'x 410 (11th Cir. 2006), Plaintiff argues that the ALJ erred in not addressing Claimant's GAF scores or the weight he accorded to those scores. The Court disagrees, because *McCloud* is distinguishable. In that case, the parties agreed that the ALJ improperly characterized a GAF score of 45 as reflective of only "moderate symptoms." *See id.* at 418. However, the Eleventh Circuit was unable to determine whether the error was harmless, because the ALJ failed to state the weight he placed on the erroneously-characterized GAF score. *See id.* The Eleventh Circuit therefore remanded the case for the ALJ to properly consider and weigh all of the claimant's GAF scores. *See id.*

Here, unlike *McCloud*, there is no evidence that the ALJ mischaracterized or misstated Claimant's GAF scores. And the Court disagrees that the ALJ was otherwise required to consider Claimant's GAF scores. Indeed, GAF scores have no direct correlation to the severity requirements of the mental disorders listings, *see Wind v. Barnhart*, 133 Fed. App'x 684, 692 n.5 (11th Cir. 2005), so even if Claimant's GAF scores were required to be accepted, that would not translate into any finding regarding any specific functional limitation, *accord Ward v. Astrue*, Case No. 00-cv-1137, 2008 WL 1994978, at *3 (M.D. Fla. May 8, 2008). Accordingly, the ALJ's failure to discuss Claimant's GAF scores does not warrant remand. *Accord Williams v. Comm'r of Soc. Sec.*, Case No. 13-cv-527, 2014 WL 4809511, at *9 (M.D. Fla. Sept. 26, 2014).

8

### B.      Application of the "Pain Standard"

Plaintiff contends that the ALJ failed to properly apply the Eleventh Circuit pain standard in evaluating the severity of Claimant's condition.  The pain standard permits a claimant to establish disability through her own testimony concerning pain or other subjective symptoms.  *See Hernandez v. Comm'r of Soc. Sec.*, 523 Fed. App'x 655, 656 (11th Cir. 2013).  In order to do so, the claimant must show:  (1) "evidence of an underlying medical condition"; and (2) either "objective medical evidence confirming the severity of the alleged pain," or "that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain."  *Id.* (quotation marks and citation omitted).  Even if the claimant satisfies this standard, however, the ALJ may reject the claimant's complaints of pain as not creditable.  *See id.*  "The ALJ must explicitly and adequately articulate his reasons if he discredits subjective testimony."  *Id.*  A clearly articulated credibility finding that is substantially supported by the record evidence will not be overturned.  *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

At the hearing, Claimant testified regarding her symptoms as follows:  She has difficulty paying attention in class.  She has problems with math and reading, and although she is improving in math, she continues to see a tutor after school for help with reading.  Although she used to have friends in her old neighborhood, she recently moved away and now only has one friend at school and no neighborhood friends.  She needs reminders to brush her teeth, bathe, and get dressed, but, for the most part, she performs those activities herself.  She makes her bed and helps vacuum.  Tr. at 34, 51-53, 55, 58-60.  Plaintiff also testified at the hearing regarding Claimant's symptoms.[4]  According to Plaintiff:  Claimant is easily distracted at school and needs constant redirection.

---

[4] The ALJ may consider the testimony of non-medical sources, such as family members, as evidence of a claimant's pain and other subjective symptoms.  *See Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983); *see also* 20 C.F.R. § 416.913(d)(4).

Claimant still struggles with reading. Claimant had three in-school suspensions for acting out. Claimant takes two medications daily, but the medication begins to wear off around 2:30 pm, causing Claimant to become more hyperactive and less focused. The dosage of Claimant's medication has been increased four times. Claimant constantly interrupts others' conversations. Claimant is too discouraged to participate in sports and is inattentive while riding her bike. Claimant performs only one chore, vacuuming, and she performs it poorly. Tr. at 34, 62-67, 73-77, 79-80.

After considering this testimony, the ALJ found that Claimant satisfied the pain standard—namely, that there was evidence of an underlying medical condition, and that Claimant's objectively determined medical condition could reasonably be expected to give rise to the claimed symptoms. Tr. at 35. However, the ALJ concluded that, in light of the record evidence, the statements concerning the intensity, persistence, and limited effects of these symptoms were not credible "to the extent they are inconsistent with finding that the claimant does not have an impairment or combination of impairments that functionally equals the listings." Tr. at 35.

The ALJ articulated several specific reasons for reaching this conclusion. With regard to Claimant's school performance symptoms, he relied primarily upon statements made by Sharon Jenkins and Ms. Satz, Claimant's teachers for the 2010-2011 school year. He noted that Jenkins, Claimant's teacher in the fall of 2010, stated that Claimant was a "C" student and had a hard time learning new concepts, but that Claimant had no behavioral problems and that she would not have known that Claimant had ADHD had she not been informed of that fact. Tr. at 35, 177. The ALJ also referenced a report written by Jenkins, in which Jenkins noted that Claimant was an "outstanding student" and that Claimant's growth in math was evident and that her reading was becoming "automatic as she concentrates on fluent rates of reading with expression." Tr. at 35,

264. The ALJ finally mentioned a report written by Satz, Claimant's teacher in the spring of 2011, and noted that the report showed that Claimant was improving.  Tr. at 35, 263.

With regard to Claimant's other symptoms, the ALJ relied on the opinions of several medical professionals who evaluated Claimant.  Specifically, he noted that Hampson observed that although Claimant was hyperactive during her interview and needed to be redirected, Claimant was able to follow complex directions.  Tr. at 35, 301.  He also noted that a consultative examiner, Mary Elizabeth Kasper, Ph.D., ABPP, ABN, found that Claimant's attention and memory were sufficient for purposes of the examination, and that Plaintiff had told Kasper that Claimant was stable on medication.  Tr. at 35, 307-08.  He finally noted that Reback and Grand opined that Claimant was not disabled, and gave their opinions "significant weight."  Tr. at 35, 310-21.

Plaintiff nevertheless contends that the ALJ lacked substantial evidence to discredit the pain testimony because the ALJ:  (1) failed to consider Oswald, Hampson, and Bland's opinions; (2) failed to account for Claimant's GAF scores; (3) failed to consider Satz's report; and (4) improperly credited Kasper's report.  Plaintiff also asserts that the mere fact that Claimant improved has no bearing on her actual condition.

None of these arguments are persuasive.  First, as discussed in Section III.A.1, *supra*, the ALJ was not required to discuss Oswald, Hampson, or Bland's opinions.  The ALJ nevertheless *did* discuss Hampson's opinion.  Tr. at 35.  And although Hampson's opinion could support that Claimant was disabled, it also could support that Claimant was not disabled—notably, by Hampson's observation that Claimant was able to follow complex directions upon being redirected.

264. The ALJ finally mentioned a report written by Satz, Claimant's teacher in the spring of 2011, and noted that the report showed that Claimant was improving.  Tr. at 35, 263.

With regard to Claimant's other symptoms, the ALJ relied on the opinions of several medical professionals who evaluated Claimant.  Specifically, he noted that Hampson observed that although Claimant was hyperactive during her interview and needed to be redirected, Claimant was able to follow complex directions.  Tr. at 35, 301.  He also noted that a consultative examiner, Mary Elizabeth Kasper, Ph.D., ABPP, ABN, found that Claimant's attention and memory were sufficient for purposes of the examination, and that Plaintiff had told Kasper that Claimant was stable on medication.  Tr. at 35, 307-08.  He finally noted that Reback and Grand opined that Claimant was not disabled, and gave their opinions "significant weight."  Tr. at 35, 310-21.

Plaintiff nevertheless contends that the ALJ lacked substantial evidence to discredit the pain testimony because the ALJ:  (1) failed to consider Oswald, Hampson, and Bland's opinions; (2) failed to account for Claimant's GAF scores; (3) failed to consider Satz's report; and (4) improperly credited Kasper's report.  Plaintiff also asserts that the mere fact that Claimant improved has no bearing on her actual condition.

None of these arguments are persuasive.  First, as discussed in Section III.A.1, *supra*, the ALJ was not required to discuss Oswald, Hampson, or Bland's opinions.  The ALJ nevertheless *did* discuss Hampson's opinion.  Tr. at 35.  And although Hampson's opinion could support that Claimant was disabled, it also could support that Claimant was not disabled—notably, by Hampson's observation that Claimant was able to follow complex directions upon being redirected.

Second, as discussed in Section III.A.2, *supra*, the ALJ was not required to consider Claimant's GAF scores, and, in any event, those scores would not correspond to any specific finding.

Third, the record is clear that the ALJ considered Satz's report. The ALJ specifically referenced "a school report from the same school year [that] shows that the claimant is improving," Tr. at 35, which can only be Satz's report. *See* Tr. at 263 ("[Claimant] has shown growth in all areas."). Moreover, the ALJ's findings are consistent with Satz's report. Indeed, although Satz noted that Claimant spoke out a lot and was very easily distracted, hindering her ability to complete assignments, Satz also noted that Claimant was able to work diligently, that she participated in class, that she enjoyed reading, and that math was becoming her forte.[5] Tr. at 263. Because the ALJ's findings reflect these observations, the Court finds that the ALJ properly weighed and considered Satz's opinions.

Fourth, the Court is unpersuaded by Plaintiff's assertion that the sufficiency of Claimant's memory and attention for purposes of Kasper's evaluation is irrelevant to Claimant's overall ability to function. Doc. 24 at 8. Claimant's behavior during the evaluation is clearly relevant to her overall medical condition, and there is no reason why it cannot be considered in assessing whether she is disabled.[6] Moreover, Plaintiff does not dispute that the ALJ properly relied on other parts

---

[5] Plaintiff also asserts that the ALJ did not consider Satz's report because Satz noted that Claimant had three in-school suspensions, but the ALJ failed to mention those suspensions. *See* Doc. 24 at 7. Satz's report, however, makes no mention of Claimant's suspensions. Rather, it appears that Plaintiff stated this fact to Kasper. *See* Tr. at 307. Even so, the ALJ's failure to mention the suspensions was not error, because there are few details regarding the circumstances of Claimant's suspensions, and the mere fact that Claimant was suspended three times does not otherwise undermine any of the ALJ's specific findings.

[6] There is likewise no merit to Plaintiff's assertion that Claimant's behavior while on medication is irrelevant. The focus of the inquiry is whether Claimant's overall condition qualifies her as disabled.

12

of Kasper's report, which indicate, *inter alia*, that Claimant was calm and had a good prognosis. Tr. at 308.  The Court thus finds that the ALJ committed no error in his consideration of Kasper's report.

Finally, although the Court agrees with Plaintiff that the mere fact that Claimant showed some improvement does not necessarily mean that Claimant was not disabled, the ALJ's finding does not rest simply on the fact that Claimant demonstrated some improvement.  Rather, the ALJ's finding rests on the fact that Claimant's improvement was to such an extent that she could not be considered disabled.  Indeed, the record reflects, *inter alia*, that Claimant improved her math skills from a weakness into a forte, Tr. at 263, and that Claimant's symptoms improved to the extent that she was stable, Tr. at 308.

Having carefully reviewed the ALJ's opinion and the record, the Court finds that the ALJ clearly articulated reasons for his credibility finding, and that those reasons are substantially supported by the record evidence.  The Court, therefore, may not disturb the ALJ's decision to not fully credit the pain testimony.  *See Foote*, 67 F.3d at 1562.

    **C.**    **Whether Claimant's Condition Met or Functionally Equaled a Listing**

        *1.*    *Listing 112.11, ADHD*

Plaintiff argues that, contrary to the ALJ's conclusion, Claimant's condition met Listing 112.11, Attention Deficit Hyperactivity Disorder.  To meet this listing, a claimant must demonstrate marked inattention, marked impulsiveness, and marked hyperactivity, as well as at least two of the following:

> a. Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate

> standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or
>
> b. Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or
>
> c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or
>
> d. Marked difficulties in maintaining concentration, persistence, or pace.

20 C.F.R. § Pt. 404, Subpt. P, App. 1, §§ 112.02(B)(2) and 112.11. Plaintiff argues that the opinions of Oswald, Hampson, and Bland, along with Plaintiff's testimony and Satz's report, together mandate a finding that Claimant's condition met the listing. Plaintiff also asserts that the only evidence that rebuts such a finding is Kasper's report, which, according to Plaintiff, is largely irrelevant.

The Court disagrees. As discussed in Section III.A.1, *supra*, Oswald, Hampson, and Bland are not acceptable medical sources for establishing impairment. The ALJ therefore was not required to consider their opinions in evaluating whether Claimant was disabled. The ALJ nevertheless considered Hampson's opinion, which is mixed and actually contains support for his finding that Claimant was not disabled. Further, as explained in Section III.B, *supra*, substantial evidence supports the ALJ's finding that Plaintiff's pain testimony was not fully creditable. Additionally, as discussed in Section III.B, *supra*, the ALJ properly considered Satz's report. The Court reemphasizes that although some portions of Satz's report could potentially support a finding that certain requirements for a listing were met, other portions of the report support the contrary.

Finally, as also discussed in section III.B, *supra*, Kasper's report is not irrelevant, and the ALJ properly considered it. Moreover, Kasper's report is not the only evidence that supports the ALJ's finding that Claimant did not meet a listing—along with that report, the statements and opinions of Jenkins, Satz, Hampson, Reback, and Grand, and even the testimony of Plaintiff and Claimant, all contain evidence that would support the ALJ's finding that Claimant's condition did not meet a listing.

In sum, substantial evidence supports the ALJ's finding that Claimant's condition did not meet a listing. The Court accordingly must affirm this finding.

### 2.     *Functional Equivalency of Listing 112.11*

Plaintiff argues that, in the alternative, Claimant's condition functionally equaled a listing. Specifically, Plaintiff contends that Claimant had a marked limitation in the domain of attending and completing tasks because Claimant was easily distracted, interrupted others, was unable to complete activities, became frustrated and gave up on tasks, and required extra supervision, *see* 20 C.F.R. § 416.926a(h)(3). Plaintiff also contends that Claimant had a marked limitation in the domain of caring for yourself because Claimant had to constantly be reminded to get dressed, bathe, and brush her teeth without help, *see* 20 C.F.R. § 416.926a(k)(3).

The Court finds Plaintiff's argument unpersuasive. First, substantial evidence supports the ALJ's finding that Claimant had a less than marked limitation in the domain of attending and completing tasks. Although the evidence is clear that Claimant suffered some limitations in this domain (e.g., she had difficulties with her schoolwork, she did not participate in group sports, she was inattentive while riding her bike, she interrupted conversations, and she did not perform the chore of vacuuming properly), the evidence also makes clear that these limitations were not so severe as to interfere "seriously" with her ability to attend and complete tasks (e.g., she was able

to follow complex directions after being redirected, she was stable on medication, and her attention and memory were sufficient for the purposes of an examination), *see* 20 C.F.R. § 416.926a(h)(2)(iv). Reback and Grand, to whose opinions the ALJ was entitled to afford significant weight, also both opined that Claimant had a less than marked limitation in this domain. Tr. at 312, 318. The Court therefore must affirm the ALJ's finding in this domain.

Second, substantial evidence also supports the ALJ's finding that Claimant had no limitation in the domain of caring for yourself. It is undisputed that Claimant was able to perform the activities of getting dressed, bathing, and brushing her teeth herself, so long as Plaintiff reminded her to do so. *See* Tr. at 59-60, 77-79; *see also* 20 C.F.R. § 416.926a(k)(2)(iv). Both Reback and Grand also opined that Claimant had no limitation in this domain. Tr. at 312-13, 318-19. The Court therefore must also affirm the ALJ's finding in this domain.

Because the ALJ's findings regarding Claimant's functional limitations in the domains of attending and completing tasks and caring for yourself are supported by substantial evidence, the Court must affirm them. Plaintiff, accordingly, is not entitled to either a remand or an award of benefits on this ground.

## IV.   CONCLUSION

The Court is sympathetic to Claimant, who suffers from ADHD and is clearly limited in some aspects of her overall functioning because of her condition. However, after carefully reviewing the record, the Court must affirm the Commissioner's denial of benefits, because the ALJ properly applied the legal standards and his factual findings are supported by substantial evidence. Accordingly, it is hereby **ORDERED AND ADJUDGED**:

    1.    Defendant Melissia Brown's Objections (Doc. 24) are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 23) is adopted, confirmed, and approved in all respects, and is made a part of this Order for all purposes, including appellate review.

3. The decision of the Commissioner is **AFFIRMED.** Each party shall bear its own costs and expenses; and

4. The Clerk of Court is directed to enter judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3) and close this case.

**DONE AND ORDERED** in Tampa, Florida on March 12, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any
United States Magistrate Judge Elizabeth A. Jenkins